```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DR. EUBULUS J. KERR, III,                :

                       Plaintiff,        :    14 Civ. 9168 (KBF)(HBP)

     -against-                           :    REPORT AND
                                              RECOMMENDATION
JOHN THOMAS FINANCIAL, et al.,           :

                       Defendants.       :

----------------------------------X
```

          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE KATHERINE B. FORREST, United States

District Judge,


I.   Introduction


          By notice of motion dated November 15, 2016, plaintiff

moves for summary judgment on his application for attorneys' fees

and costs pursuant to Fed.R.Civ.P. 56 (D.I. 211).  For the

reasons set forth below, I respectfully recommend that plain-

tiff's motion be granted in part and denied in part.


II.  Facts


          The facts that give rise to this action are set forth

in detail in the Opinion and Order of the Honorable Katherine B.

Forrest, United States District Judge, dated July 16, 2015 (D.I.

88), granting plaintiff's motion to confirm a Financial Industry Regulatory Authority ("FINRA") arbitration award against the defendants.  Familiarity with that opinion is assumed.  I recite the facts here only to the extent necessary for an understanding of the dispute before me.

On August 5, 2014, a FINRA arbitration resulted in an award of $920,107.96 in favor of plaintiff and against the defendants (the "Award") (Amended Petition to Confirm Arbitration Award and Entry of Judgment thereon, dated Jan. 8, 2015 (D.I. 12) ("Petition") ¶ 13).  Defendant Anastasios Belesis and two other defendants were found to be liable, jointly and severally, for $915,107.96 of the Award; defendant Joseph Castellano was found to be liable for $5,000.00 of the Award (Petition ¶ 13).  On October 20, 2014, plaintiff commenced an action in Supreme Court, New York County, seeking to confirm the Award (Notice of Removal, filed Nov. 18, 2014 (D.I. 1) ("Notice of Removal") ¶ 1).  The defendants removed the action to this court on November 18, 2014 (Notice of Removal).

On July 16, 2015, Judge Forrest granted plaintiff's motion to confirm the Award (Opinion and Order, dated July 16, 2015 (D.I. 88)), and judgment confirming the Award was entered on July 22, 2015 (the "Judgment") (Judgment, dated July 22, 2015 (D.I. 89)).

After approximately a year of unsuccessful efforts to collect the Judgment, plaintiff and defendant entered into a General Release Agreement on June 10, 2016 (Motion for Sanctions and Contempt, filed Oct. 12, 2016 (D.I. 151) ("Motion for Sanctions"), Ex. G, at 1).  The agreement provided that defendant was to pay plaintiff $1 million -- an amount slightly smaller than the Judgment plus accrued interest -- by June 30, 2016 (Motion for Sanctions, Ex. G ¶ 1).  In exchange, plaintiff agreed to release all claims against defendant (Motion for Sanctions, Ex. G ¶ 2).  The agreement also contained the following provision regarding attorneys' fees and costs:

> In the event of any judicial or arbitral proceeding to construe or enforce any provision of this Agreement or resulting from an alleged breach, default or misrepresentation in connection with any of the provisions of this Agreement, or to enforce or collect upon the Award or any judgment thereupon or any award or judgment resulting from any judicial or arbitral proceeding to construe or enforce any provision of this Agreement, the prevailing party shall recover from the non-prevailing party reasonable attorneys' fees and other costs in addition to all other amounts and relief the prevailing party is entitled to recover.  To the extent that this provision imposes upon the non-prevailing party an obligation to pay the attorneys' fees of the prevailing party in a dispute arising from the enforcement and collection of the Award or any judgment thereupon, the Parties acknowledge that this is a post-dispute attorneys' fee provision and agree to be bound thereby.

(Motion for Sanctions, Ex. G ¶ 4).  The agreement also provided that it "shall be in all respects interpreted, enforced and

3

governed by and under the laws of the State of New York" (Motion for Sanctions, Ex. G ¶ 9).

Defendant did not pay $1 million to plaintiff by June 30, 2016.  Following that breach, plaintiff moved for an amended judgment stating a sum certain on July 1, 2016 (Letter from Brian J. Neville, Esq., to Judge Forrest, dated July 1, 2016 (D.I. 99)).  On July 6, 2016, Judge Forrest granted plaintiff's motion (Order, dated July 6, 2016 (D.I. 102)), and the Clerk of the Court subsequently entered an amended judgment in the amount of $1,017,140.75 (Amended Judgment, dated July 7, 2016 (D.I. 103)). Defendant finally paid the full amount owed, plus interest, in November 2016 (Order, dated Nov. 14, 2016 (D.I. 209)).

Plaintiff now seeks his attorneys' fees and costs incurred since the start of this action, pursuant to the General Release Agreement.[1]  Specifically, plaintiff seeks a total of

---

[1]As an alternative basis for his recovery of attorneys' fees and costs, plaintiff cites a purported agreement reached with defendant in October 2016 for the payment of the amount owed, plus costs and fees (Motion for Summary Judgment and Incorporated Memorandum of Law, dated Nov. 15, 2016 (D.I. 212) ("Pl.'s Mem."), at 6-7, 14-15).  However, the documentary evidence submitted by plaintiff consists of an exchange of offers and counteroffers set out in several emails (Affirmation in Support of Motion for Summary Judgment and Renewal of Motion for Sanctions, dated Nov. 15, 2016 (D.I. 213) ("Lax Aff."), Ex. A).  On their face, these emails do not demonstrate the existence of an agreement.

As a second alternative, plaintiff claims he is entitled to
(continued...)

4

$216,575 in fees and $25,108.02 in costs and has submitted an "invoice listing the fees charged daily by each attorney and firm member, as well as each individual cost" (Lax Aff. ¶ 5).

III.  Analysis

    A.  Applicable Principles

        1.  Summary Judgment

The standards applicable to a motion for summary judgment are well-settled and require only brief review.

> Summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party . . . is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In ruling on a motion for summary judgment, a court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986-).  To grant the motion, the court must determine that there is no genuine issue of material fact to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  A genuine factual issue derives from the "evidence [being] such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248, 106 S. Ct. 2505.  The nonmoving party cannot defeat summary judgment by

---

[1](...continued)
his costs and fees as a sanction for defendant's alleged perjury, failure to comply with subpoenas and frustration and delay in paying the amount owed (Pl.'s Mem., at 15-17).  These arguments are currently the subjects of plaintiff's pending motion for contempt and sanctions (Motion for Sanctions and Contempt, dated Sept. 19, 2016 (D.I. 119)) and will be addressed separately.

> "simply show[ing] that there is some metaphysical doubt
> as to the material facts," <u>Matsushita Elec. Indus. Co.</u>
> <u>v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct.
> 1348, 89 L. Ed. 2d 538 (1986), or by a factual argument
> based on "conjecture or surmise," <u>Bryant v. Maffucci</u>,
> 923 F.2d 979, 982 (2d Cir. 1991).  The Supreme Court
> teaches that "all that is required [from a nonmoving
> party] is that sufficient evidence supporting the
> claimed factual dispute be shown to require a jury or
> judge to resolve the parties' differing versions of the
> truth at trial."  <u>First Nat'l Bank of Ariz. v. Cities</u>
> <u>Serv. Co.</u>, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L.
> Ed. 2d 569 (1968); <u>see also</u> <u>Hunt v. Cromartie</u>, 526 U.S.
> 541, 552, 119 S. Ct. 1545, 143 L. Ed. 2d 731 (1999).
> It is a settled rule that "[c]redibility assessments,
> choices between conflicting versions of the events, and
> the weighing of evidence are matters for the jury, not
> for the court on a motion for summary judgment."
> <u>Fischl v. Armitage</u>, 128 F.3d 50, 55 (2d Cir. 1997).

<u>McClellan v. Smith</u>, 439 F.3d 137, 144 (2d Cir 2006) (ellipsis

added; brackets in original); <u>accord</u> <u>Reeves v. Sanderson Plumbing</u>

<u>Prods., Inc.</u>, 530 U.S. 133, 150-51 (2000)[2]; <u>Estate of Gustafson</u>

<u>ex rel. Reginella v. Target Corp.</u>, 819 F.3d 673, 675 (2d Cir.

2016); <u>Cortes v. MTA N.Y.C. Transit</u>, 802 F.3d 226, 230 (2d Cir.

2015); <u>Deep Woods Holdings, L.L.C. v. Savings Deposit Ins. Fund</u>

<u>of Republic of Turk.</u>, 745 F.3d 619, 622-23 (2d Cir. 2014); <u>Hill</u>

<u>v. Curcione</u>, 657 F.3d 116, 124 (2d Cir. 2011).

---

[2]Although the Court in <u>Reeves</u> was reviewing the denial of a
motion for judgment as a matter of law pursuant to Fed.R.Civ.P.
50, the same standards apply to a motion for summary judgment
pursuant to Fed.R.Civ.P. 56.  <u>Reeves v. Sanderson Plumbing</u>
<u>Prods., Inc.</u>, <u>supra</u>, 530 U.S. at 150-51.

"Material facts are those which 'might affect the outcome of the suit under the governing law' . . . ." <u>Coppola v. Bear Stearns & Co.</u>, 499 F.3d 144, 148 (2d Cir. 2007), <u>quoting</u> <u>Anderson v. Liberty Lobby, Inc.</u>, <u>supra</u>, 477 U.S. at 248. "'[I]n ruling on a motion for summary judgment, a judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented[.]'" <u>Cine SK8, Inc. v. Town of Henrietta</u>, 507 F.3d 778, 788 (2d Cir. 2007) (second alteration in original), <u>quoting</u> <u>Readco, Inc. v. Marine Midland Bank</u>, 81 F.3d 295, 298 (2d Cir. 1996).

   2.   <u>Attorneys' Fees</u>

Although the prevailing party in litigation is not ordinarily entitled to recover its attorneys' fees under the "American Rule," it may do so when there is a contractual provision authorizing such recovery. <u>United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co.</u>, 369 F.3d 34, 75 (2d Cir. 2004).

> In federal practice the general rule -- known as the "American Rule" -- is that each party bears its own attorneys' fees. <u>See</u>, <u>e.g.</u>, <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, ----, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983); <u>Alyeska Pipeline Service Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616, 44 L. Ed. 2d 141 (1975); 6 James W. Moore <u>et al.</u>, Moore's Federal Practice ¶

7

54.78[1] (2d ed. 1993).  However, parties may agree by
contract to permit recovery of attorneys' fees, and a
federal court will enforce contractual rights to attor-
neys' fees if the contract is valid under applicable
state law.  See Alland v. Consumers Credit Corp., 476
F.2d 951, 956 (2d Cir. 1973); United States v. Carter,
217 U.S. 286, 322, 30 S. Ct. 515, 526, 54 L. Ed. 769
(1910).  Although a district court has broad discretion
in awarding attorneys' fees, and an award of such fees
may be set aside only for abuse of discretion, see,
e.g., ARP Films, Inc. v. Marvel Entertainment Group,
Inc., 952 F.2d 643, 651 (2d Cir. 1991); Lerman v. Flynt
Distributing Co., 789 F.2d 164, 166 (2d Cir.), cert.
denied, 479 U.S. 932, 107 S. Ct. 404, 93 L. Ed. 2d 357
(1986), where a contract authorizes an award of attor-
neys' fees, such an award becomes the rule rather than
the exception.  See Engel v. Teleprompter Corp., 732
F.2d 1238, 1241 (5th Cir. 1984) (reversing district
court's denial of attorneys' fees with instructions to
determine an appropriate award).

McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1312-13 (2d Cir.

1993); see also Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct.

2158, 2164 (2015); Zurich Am. Ins. Co. v. Team Tankers A.S., 811

F.3d 584, 590 (2d Cir. 2016).

Because this matter is before the court on the basis of

diversity of citizenship (Petition ¶ 7), and because the General

Release Agreement provides that New York law would govern the

agreement, New York law governs the standard for determining

plaintiff's entitlement to attorneys' fees.  Mid-Hudson Catskill

Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168,

177 (2d Cir. 2005); Grand Union Co. V. Cord Meyer Dev. Co., 761

F.2d 141, 147 (2d Cir. 1985); Campbell v. Mark Hotel Sponsor,

LLC, 09 Civ. 9644 (WHP), 2012 WL 4360011 at *1 (S.D.N.Y. Sept. 13, 2012) (Pauley, D.J.).  New York enforces contractual provisions regarding recovery of attorneys' fees.  Mount Vernon City Sch. Dist. v. Nova Cas. Co., 19 N.Y.3d 28, 39, 968 N.E.2d 439, 447, 945 N.Y.S.2d 202, 210 (2012); Hooper Assocs., Ltd. v. AGS Computs., Inc., 74 N.Y.2d 487, 491, 548 N.E.2d 903, 904, 549 N.Y.S.2d 365, 366 (1989).

The General Release Agreement provides that the prevailing party in "any judicial or arbitral proceeding to construe or enforce any provision of [the General Release Agreement] . . . or to enforce or collect upon the Award or any judgment thereupon" is entitled to his reasonable attorneys' fees.  Under New York law, "the touchstone for an award of attorneys' fees pursuant to a contract is reasonableness."  CARCO GRP., Inc. v. Maconachy, 718 F.3d 72, 86 (2d Cir. 2013) (per curiam).  "The reasonableness of plaintiff's request for fees and costs [arising under a contract] can be measured by the standards that are used to evaluate fee awards under statutory provisions directing the court to award a 'reasonable' attorney's fee."  Sidley Holding Corp. v. Ruderman, 08 Civ. 2513 (WHP)(MHD), 2009 WL 6047187 at *16 (S.D.N.Y. Dec. 30, 2009) (Dolinger, M.J.) (Report & Recommendation), adopted by, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010) (Pauley, D.J.).  I shall, therefore, analyze the

reasonableness of plaintiff's fee request with reference to cases awarding fees pursuant to federal statutory provisions.

   The starting point for determining presumptively reasonable fees is the "lodestar" method, pursuant to which "the hours reasonably spent by counsel, as determined by the Court, [are] multiplied by the reasonable hourly rate." F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1263 (2d Cir. 1987) (alteration in original; internal quotation marks omitted) (applying New York law); see Flemming v. Barnwell Nursing Home & Health Facilities, Inc., 56 A.D.3d 162, 165, 865 N.Y.S.2d 706, 708 (3d Dep't 2008), aff'd, 15 N.Y.3d 375, 938 N.E.2d 937, 912 N.Y.S.2d 504 (2010). To determine a reasonable hourly rate, courts look to "rates . . . prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Additionally,

> [a] variety of factors informs the court's deter-
> mination of whether a requested amount of attorneys'
> fees is reasonable or unreasonable, including "the
> difficulty of the questions involved; the skill re-
> quired to handle the problem; the time and labor re-
> quired; the lawyer's experience, ability and reputa-
> tion; the customary fee charged by the Bar for similar
> services; and the amount involved."

F.H. Krear & Co. v. Nineteen Named Trs., supra, 810 F.2d at 1263, quoting In re Schaich, 55 A.D.2d 914, 914, 391 N.Y.S.2d 135, 136

10

(2d Dep't 1977); see Executive Risk Indem., Inc. v. Fieldbridge Assocs. LLC, 642 F. App'x 25, 26 (2d Cir. 2016) (summary order); see also Terra Energy & Res. Tech., Inc. v. Terralinna Pty. Ltd., 12 Civ. 1337 (KNF), 2014 WL 6632937 at *4 (S.D.N.Y. Nov. 24, 2014) (Fox, M.J.).  "Courts 'should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.'"  Campbell v. Mark Hotel Sponsor, LLC, supra, 2012 WL 4360011 at *2, quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

"In determining whether a requested fee is justified by the time and labor expended, the New York courts make their own assessments of the reasonableness of the amount of time spent on the case."  F.H. Krear & Co. v. Nineteen Named Trs., supra, 810 F.2d at 1265, citing Zauderer v. Barcellona, 130 Misc.2d 234, 236, 495 N.Y.S.2d 881, 882-83 (Civ. Ct. N.Y. Cty. 1985).  Counsel must "keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required."  F.H. Krear & Co. v. Nineteen Named Trs., supra, 810 F.2d at 1265.  Failure to keep such records will result in a reduction in the amount of attorneys' fees awarded.

F.H. Krear & Co. v. Nineteen Named Trs., supra, 810 F.2d at

1265.[3]  Finally,

> billing judgment must be factored into the equation.
> Hensley, 461 U.S. at 434; DiFilippo, 759 F.2d at 235-3-
> 6.  If a court finds that the fee applicant's claim is
> excessive, or that time spent was wasteful or duplica-
> tive, it may decrease or disallow certain hours or,
> where the application for fees is voluminous, order an
> across-the-board percentage reduction in compensable
> hours.  In re "Agent Orange" Products Liab. Litig., 818
> F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in
> which substantial numbers of voluminous fee petitions
> are filed, the district court has the authority to make
> across-the-board percentage cuts in hours 'as a practi-
> cal means of trimming fat from a fee application'"
> (quoting Carey, 711 F.2d at 1146)); see also United
> States Football League v. National Football League, 887
> F.2d 408, 415 (2d Cir. 1989) (approving a percentage
> reduction of total fee award to account for vagueness
> in documentation of certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00

Civ. 7750 (LAP), 2002 WL 498631 at *3 (S.D.N.Y. Mar. 29, 2002)

(Preska, D.J.); see F.H. Krear & Co. v. Nineteen Named Trs.,

supra, 810 F.2d at 1265; Terra Energy & Res. Tech., Inc. v.

---

[3]When fees are sought under a federal fee-shifting statute,
an attorney's failure to keep contemporaneous time records
generally precludes the recovery of any fees.  New York State
Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1147 (2d
Cir. 1983).  Where, as here, fees are sought under state law, the
failure to keep contemporaneous time records results in the
reduction of a fee award but does not preclude the award en-
tirely.  Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144,
147-48 (2d Cir. 2014).  Thus, Carey is inapplicable here.  Marion
S. Mishkin Law Office v. Lopalo, supra, 767 F.3d at 147-48;
Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 53 (2d
Cir. 1992).

Terralinna Pty. Ltd., supra, 2014 WL 6632937 at *6; Campbell v.
Mark Hotel Sponsor LLC, supra, 2012 WL 4360011 at *3; RMP Capi-
tal, Corp. v. Victory Jet, LLC, 40 Misc.3d 1243(A), 977 N.Y.S.2d
670 (Table), 2013 WL 5303582 at *10 (Sup. Ct. Suffolk Cty. Sept.
11, 2013), aff'd as modified, 139 A.D.3d 836, 32 N.Y.S.3d 231 (2d
Dep't 2016).

        "The question of how much to award as attorneys' fees
is left to the discretion of the district court."  Campbell v.
Mark Hotel Sponsor, LLC, supra, 2012 WL 4360011 at *2, citing
Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996).
The burden of establishing the reasonableness of attorneys' fees
is on the party seeking fees.  Executive Risk Indem., Inc. v.
Fieldbridge Assocs. LLC, supra, 642 F. App'x at 26.

    B. Application of
       the Foregoing Principles

        Defendant makes three arguments in opposition to
plaintiff's motion for attorneys' fees.[4]  First, while defendant
concedes that "fees incurred from July 1, 2016 to the date of
[plaintiff's motion for summary judgment] are recoverable pursu-
ant to the terms of the Release Agreement" (Memorandum of Law,

---

        [4]Defendant does not challenge the amount of costs sought by
plaintiff.

dated Dec. 2, 2016 (D.I. 222) ("Def.'s Mem."), at 3 (internal
quotation marks omitted)), he argues that the language of the
General Release Agreement does not permit the recovery of costs
and fees incurred prior to that date (Def.'s Mem., at 3-4).
Second, defendant argues that plaintiff waived his right to
recover fees and costs by not moving to collect them within the
time limits set forth in Federal Rule of Civil Procedure 54(d)
and Local Civil Rule 54.1 (Def.'s Mem., at 5, 11).  Third,
defendant argues that the attorneys' fees plaintiff seeks are
unreasonable (Def.'s Mem., at 5-10).

      1.   Scope of General
          Release Agreement

     The parties disagree as to whether the General Release
Agreement covers the period prior to July 1, 2016.  Plaintiff
argues that the unambiguous language of the agreement permits him
to recover costs and fees incurred to enforce or collect the
Award, without any limitation in time (Pl.'s Mem., at 12-13).
Defendant does not believe the General Release Agreement covers
the period prior to July 1, 2016.  He argues that "[t]he Award
was subsumed in the Judgment which was duly entered on July 1,

2016.[5]  References to the Award . . . must therefore be disre-

garded because any work performed by [plaintiff's] attorneys upon

the breach of the Release Agreement was related to the enforce-

ment of the [Amended] Judgment and unrelated to the Award"

(Def.'s Mem., at 3).  He further argues that "the qualifying

phrase 'resulting from any judicial or arbitral proceeding to

construe or enforce any provision of this Agreement' denotes that

it is the legal fees incurred to enforce the Release Agreement

which are subject to collection . . . and not the legal fees

incurred to enforce the Award which predated" the Amended Judg-

ment (Def.'s Mem., at 4).

The existence of an ambiguity in a contract is a

question of law to be determined by the district court.  <u>First

Mercury Ins. Co. v. 613 N.Y. Inc.</u>, 609 F. App'x 664, 666 (2d Cir.

2015) (summary order) (applying New York law); <u>see</u> <u>JA Apparel

Corp. v. Abboud</u>, 568 F.3d 390, 396 (2d Cir. 2009).

> "[W]here the language [of the contract] <u>and</u> the infer-
> ences to be drawn from it are unambiguous . . . a
> district court [may] construe a contract as a matter of
> law and grant summary judgment accordingly." <u>Alexander
> & Alexander Servs., Inc. v. These Certain Underwriters
> at Lloyd's, London</u>, 136 F.3d 82, 86 (2d Cir. 1998)
> (internal quotation marks omitted).  Where, however,

---

[5]The Judgment was entered on July 22, 2015 (D.I. 89).  The
Amended Judgment was entered on July 7, 2016 (D.I. 103).  Thus,
although defendant refers to the Judgment, I understand him to
mean the Amended Judgment.

> "the terms of a contract could suggest 'more than one
> meaning when viewed objectively by a reasonably intel-
> ligent person who has examined the context of the
> entire integrated agreement and who is cognizant of the
> customs, practices, usage and terminology as generally
> understood in the particular trade or business,'"
> ambiguity exists.  Id. (quoting Lightfoot v. Union
> Carbide Corp., 110 F.3d 898, 906 (2d Cir. 1997)).

First Mercury Ins. Co. v. 613 N.Y. Inc., supra, 609 F. App'x at

666 (alterations and emphasis in original).  In contrast,

"[c]ontract language is not ambiguous if it has 'a definite and

precise meaning, unattended by danger of misconception in the

purport of the [contract] itself, and concerning which there is

no reasonable basis for a difference of opinion.'"  JA Apparel

Corp. v. Abboud, supra, 568 F.3d at 396 (second alteration in

original), quoting Breed v. Insurance Co. of N. Am., 46 N.Y.2d

351, 355, 385 N.E.2d 1280, 1282, 413 N.Y.S.2d 352, 355 (1978).

        I conclude that the contract is unambiguous and allows

for the recovery of attorneys' fees and costs that have accrued

since the commencement of this action.  In interpreting a con-

tract, a court is to give effect to all of its provisions so that

none are rendered meaningless.  United States v. International

Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 970 F.2d

1132, 1136 (2d Cir. 1992) ("We must avoid an interpretation of an

agreement that renders one of its provisions superfluous.");

Capital Ventures Int'l v. Verenium Corp., 09 Civ. 4261 (GBD),

2011 WL 70227 at *5 (S.D.N.Y. Jan. 4, 2011) (Daniels, D.J.);
Serdarevic v. Centex Homes, LLC, 760 F. Supp. 2d 322, 332-33
(S.D.N.Y. 2010) (Karas, D.J.).  Here, the General Release Agree-
ment provides that "[i]n the event of any judicial or arbitral
proceeding . . . to enforce or collect upon the Award or any
judgment thereupon," the prevailing party is entitled to his
reasonable attorneys' fees and costs (Motion for Sanctions, Ex. G
¶ 4 (emphasis in original)).  The plain language of the agreement
permits recovery of fees and costs in a judicial or arbitral
proceeding to enforce or collect the Award, which is precisely
the situation here.  Were I to disregard "Award" in the General
Release Agreement because it was "subsumed in the [Amended]
Judgment," as defendant argues, "Award" would be rendered super-
fluous.

        Moreover, the phrase 'resulting from any judicial or
arbitral proceeding to construe or enforce any provision of this
Agreement' does not qualify the phrase "to enforce or collect
upon the Award or any judgment thereupon."  As used in the
agreement, "resulting from any judicial or arbitral proceeding to
construe or enforce any provision of this Agreement" means that a
prevailing party in any judicial or arbitral proceeding to
construe or enforce any provision of the General Release Agree-
ment would be entitled to his costs and fees in a proceeding to

                              17

enforce or collect that award or judgment.  Were the General Release Agreement limited to the legal fees incurred in proceedings to enforce the General Release Agreement, as defendant argues, the agreement would simply provide for costs and fees in such actions and there would be no need to reference the Award. This interpretation of the contract is also confirmed by the last sentence of the General Release Agreement:  "To the extent that this provision imposes upon the non-prevailing party an obligation to pay the attorneys' fees of the prevailing party in a dispute arising from the enforcement and collection of the <u>Award</u> or <u>any judgment thereupon</u> . . ." (emphasis added).

Therefore, the General Release Agreement permits plaintiff to recover his attorneys' fees and costs that he has incurred since the commencement of this action.

2.   Waiver of
<u>Right to Recover</u>

Federal Rule of Civil Procedure 54(d)(2)(B)(i) provides that a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment."  Relatedly, Local Civil Rule 54.1 provides that a party seeking costs must file a notice of taxation of costs within 30 days after the entry of final judg-

18

ment; it also provides that failure to do so constitutes a waiver of costs.

Neither rule is applicable here.  Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1 concern efforts by a party to seek costs and fees incurred in connection with its underlying claim on which a judgment has been entered.  <u>Cf</u>. Advisory Committee Notes to 1993 Amendment to Fed.R.Civ.P. 54. Here, however, plaintiff seeks costs and fees in connection with a proceeding to confirm and enforce an arbitration award and the resulting judgment.  Such proceedings can last years, and, thus, Rule 54(d) and Local Civil Rule 54.1 cannot apply here.

### 3.   <u>Reasonableness of Fees</u>

Lastly, defendant argues that plaintiff's attorneys' fees are unreasonable because several attorneys were assigned to work on the matter at the same time, the attorneys "spent considerable time on fairly routine matters" and the attorneys' time records are "overly vague" (Def.'s Mem., at 7-9).  Defendant contends that plaintiff's attorneys' fees should be reduced by 30% (Def.'s Mem., at 10).

As explained below, there are a few instances in counsel's time records of redundant staffing.  Additionally, it is difficult to assess whether plaintiff's attorneys "spent

considerable time on fairly routine matters" because the attorneys block-billed their time and their time entries are vague.  A reduction in the attorneys' fees plaintiff seeks, therefore, is warranted due to these billing practices.

> a.  Multiple Attorneys

While the use of multiple attorneys is not unreasonable per se, "assigning numerous attorneys to a simple and straightforward matter presents a serious risk of inefficiency, duplication, and unnecessary billing." Tackney v. WB Imico Lexington Fee, LLC, 10 Civ. 2734 (PGG), 10 Civ. 2735 (PGG), 2015 WL 1190096 at *6 (S.D.N.Y. Mar. 16, 2015) (Gardephe, D.J.) (citations omitted).  "[T]he work rendered by multiple attorneys is recoverable so long as the party seeking fees can show that the attorneys engaged in distinct tasks on the case." Douyon v. NY Med. Health Care, P.C., 49 F. Supp. 3d 328, 350 (E.D.N.Y. 2014); see Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 414 (S.D.N.Y. 2003) (Ellis, M.J.).

Defendant has identified a few instances of the potential duplication of effort in plaintiff's time records.[6]  For

---

[6]I have limited my review of plaintiff's time record entries to the specific entries defendant has identified as deficient. As the party challenging plaintiff's fee application, it is up to
(continued...)

example, a partner and two associates attended the same deposi-

tion and court conference regarding discovery on September 26,

2016; the three charged a total of 27 hours (Lax Aff., Ex. E, at

15).  On November 14, 2016, the same three attorneys attended

another court conference and billed a total of 16.2 hours (Lax

Aff., Ex. E, at 20).  The presence of one partner and two associ-

ates at a deposition and a court conference is excessive.  A

reduction in the amount of fees plaintiff seeks is warranted

under these circumstances.  See Congregation Rabbinical Coll. of

Tartikov, Inc. v. Village of Pomona, 188 F. Supp. 3d 333, 342

(S.D.N.Y. 2016) (Karas, D.J.); Valley Housing Ltd. P'ship v. City

of Derby, No. 3:06CV1319 (TLM), 2012 WL 1077848 at *10 (D. Conn.

Mar. 30, 2012) ("Notwithstanding the value of having the 'team'

present for depositions and other major activities, such as oral

argument, a minor deduction [5%] is warranted to account for the

duplication."); Rostolder v. Life Energy & Tech. Holdings, Inc.,

No. 03-CV-3375 (SMG), 2006 WL 5838184 at *4 (E.D.N.Y. Sept. 20,

2006); In re Excess Value Ins. Coverage Litig., 598 F. Supp. 2d

380, 391 (S.D.N.Y. 2005) (Berman, D.J.), aff'd sub nom., McCoy v.

United Parcel Serv., 222 F. App'x 87 (2d Cir. 2007) (summary

---

[6](...continued)
defendant -- not the court -- to identify alleged deficiencies in
plaintiff's billing records.

order); Metropolitan Lofts of NY, LLC v. Metroeb Realty 1, LLC, 46 Misc.3d 1222(A), 17 N.Y.S.3d 383 (Table), 2015 WL 894869 at *10 (Sup. Ct. Kings Cty. Feb. 27, 2015).

There are other instances of duplication, such as two to four attorneys reviewing or editing the same document (Lax Aff., Ex. E, at 14, 16, 17-18) and three to four attorneys attending inter-office conferences (Lax Aff., Ex. E, at 14, 17).[7] I am aware of the practicalities of litigation and the prudence and need for collaboration; I am also aware of the frustration plaintiff has experienced in trying to enforce the Award. Nevertheless, the issues in this case are not complex and are relatively narrow in scope.  Thus, a reduction in fees is appro-priate for these instances of duplication.  See Ng v. King Henry Realty, Inc., 16 Civ. 13 (PAE)(JCF), 2016 WL 6084074 at *7

---

[7]The most egregious examples of redundancy include three attorneys working on a motion for contempt, totaling 8.9 hours (Lax Aff., Ex. E, at 14); four attorneys reviewing and/or draft-ing an order to show cause over two days, totaling 38 hours (Lax Aff., Ex. E, at 16); three attorneys reviewing and/or drafting subpoenas, totaling 8.6 hours (Lax Aff., Ex. E, at 17-18); and three to four attorneys preparing for a hearing over two days, totaling 56.5 hours (Lax Aff., Ex. E, at 20).

A few of the tasks identified above appear in block-billed records.  I cannot guess or estimate how much time counsel spent on the matters above, as opposed to the other items in the entries; instead, I have used the total time billed in the block-billed entries.  See infra Section III.B.3.b (explaining block-billing).

(S.D.N.Y. Oct. 7, 2016) (Francis, M.J.); <u>M.C. ex rel. E.C. v.</u>
<u>Department of Educ. of City of N.Y.</u>, 12 Civ. 9281 (CM)(AJP), 2013
WL 2403485 at *14 & n.19 (S.D.N.Y. June 4, 2013) (Peck, M.J.)
(Report & Recommendation), <u>adopted</u> <u>by</u>, 2013 WL 3744066 (S.D.N.Y.
June 28, 2013) (McMahon, D.J.); <u>Auscape Int'l v. National Geo-</u>
<u>graphic Soc'y</u>, 02 Civ. 6441 (LAK)(HBP), 2003 WL 21976400 at *4-*5
(S.D.N.Y. Aug. 19, 2003) (Pitman, M.J.), <u>aff'd</u>, 2003 WL 22244953
(S.D.N.Y. Sept. 29, 2003) (Kaplan, D.J.).

        b.  Block-Billing
           <u>and Vague Time Entries</u>

      Although "block-billing," "the practice of aggregating
multiple tasks into one billing entry, is not prohibited, . . .
[the practice] can make it exceedingly difficult for courts to
assess the reasonableness of the hours billed." <u>LV v. New York</u>
<u>City Dep't of Educ.</u>, 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010)
(Holwell, D.J.) (internal quotation marks omitted); <u>see</u> <u>Adusumel-</u>
<u>li v. Steiner</u>, 08 Civ. 6932 (JMF), 09 Civ. 4902 (JMF), 10 Civ.
4549 (JMF), 2013 WL 1285260 at *4 (S.D.N.Y. Mar. 28, 2013)
(Furman, D.J.) ("[A] single billing entry might mix tasks that
are compensable with those that are not, or mix together tasks
that are compensable at different rates," making it difficult to
"attempt[] to parse out whether the number of hours spent on the

work performed was reasonable." (internal quotation marks omitted)); Association of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG, 04 Civ. 3600 (SWK), 2005 WL 3099592 at *5 (S.D.N.Y. Nov. 17, 2005) (Kram, D.J.).  "The use of the block-billing format in billing records has prompted some courts in New York to reduce the amount of attorneys' fees requested . . . because of the obfuscating effect that block billing has on a court's ability to ascertain precisely how" counsel used his or her time.  Terra Energy & Res. Tech., Inc. v. Terralinna Pty. Ltd., supra, 2014 WL 6632937 at *5, citing Silverstein v. Goodman, 113 A.D.3d 539, 540, 979 N.Y.S.2d 308, 310 (1st Dep't 2014).

The court is also permitted to reduce fees if time entries are too vague to explain sufficiently the hours claimed. F.H. Krear & Co. v. Nineteen Named Trs., supra, 810 F.2d at 1265, 1268-69; Terra Energy & Res. Tech., Inc. v. Terralinna Pty. Ltd., supra, 2014 WL 6632937 at *5-*6.  "[S]ome specificity is required in time entries to enable the court to determine whether a reasonable amount of time was spent on each activity, and to determine whether the particular activity is compensable." Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009) (Jones, D.J.) (adopting report and recommendation).

24

Defendant cites time entries which he claims show that plaintiff's "attorneys spent considerable time on fairly routine matters" (Def.'s Mem., at 8-9).  A number of these entries are block-billed, making it difficult to assess whether counsel spent a reasonable number of hours on each task.  For example, a time entry for September 27, 2016 reads "Research, drafting, meetings" and totals 4.2 hours (Lax Aff., Ex. E, at 15).  A time entry on October 13, 2016 reads "More service, Chase emails, prepping for hearing, calls" and totals 7.9 hours (Lax Aff., Ex. E, at 17).  One attorney's entry on October 14, 2016 reads "Redacting docu-ments, filing, preparing for hearing, email to Tofel with attach-ments, bank follow up" and totals 8.1 hours (Lax Aff., Ex. E, at 17).

Defendant has not identified specific time records which he claims contain vague descriptions of services rendered; rather, he quotes several descriptions without citing to specific records (Def.'s Mem., at 9).  I shall not go through all of plaintiff's time records to find vague entries; that is a task defendant should have undertaken.  Instead, I shall examine the specific entries identified by defendant in which he claims plaintiff's attorneys spent "considerable time on fairly routine matters" (Def.'s Mem., at 8-9).  Those time records contain vague entries, such as "letter motion," "[r]esearch, prep work,"

25

"[r]esearch, drafting, meetings," "drafting, compiling," "calls," "[r]edacting documents," "filing" and "bank follow up."  Such descriptions make it impossible to determine whether the attorneys' time was reasonably spent.  The vagueness of these entries, in conjunction with plaintiff's block-billing, warrant a further reduction in fees.  See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998) (upholding reduction of fees for entries such as "letter to court," "staff conference" and "work on motion"); Terra Energy & Res. Tech., Inc. v. Terralinna Pty. Ltd., supra, 2014 WL 6632937 at *5 (reducing fees because of entries such as "[t]elephone [c]onference with counsel," "[r]eview efiling" and "[r]eview email"); LV v. New York City Dep't of Educ., supra, 700 F. Supp. 2d at 526 ("Many of [the attorney's] entries are stated in the sparest of terms."); Soler v. G & U, Inc., 658 F. Supp. 1093, 1098-99 (S.D.N.Y. 1987) (Tenney, D.J.) (reducing fees because of entries such as "[c]all to District Court Cashier," "[o]utline" and "writing, research"); Matter of Estate of Passuello, 184 A.D.2d 108, 111-12, 591 N.Y.S.2d 542, 544-45 (3d Dep't 1992).

### c.  Reduction in Fees

Under New York law, "a general contract provision for the shifting of attorneys' fees does not authorize an award of

fees for time spent in seeking the fees themselves." <u>F.H. Krear & Co. v. Nineteen Named Trs.</u>, <u>supra</u>, 810 F.2d at 1266; <u>see Campbell v. Mark Hotel Sponsor, LLC</u>, <u>supra</u>, 2012 WL 4360011 at *3.  The time charges attributable to plaintiff's fee application total $9,645 (Lax Aff., Ex. E, at 20-21).[8]  Deducting this figure from the $216,575 in fees sought leaves a balance of $206,930.

A further reduction of 20% is appropriate under these circumstances.  To arrive at this amount, I reduced the fees plaintiff seeks by 15% due to redundant staffing.  <u>See Ng v. King Henry Realty, Inc.</u>, <u>supra</u>, 2016 WL 6084074 at *7 (15% reduction for redundant staffing).  An additional 5% reduction is warranted due to plaintiff's attorneys' block-billing and vague time entries.  <u>See TufAmerica Inc. v. Diamond</u>, 12 Civ. 3529 (AJN), 2016 WL 1029553 at *4 (S.D.N.Y. Mar. 9, 2016) (Nathan, D.J.) (5% reduction for block-billing and vague entries), <u>partially reconsidered</u>, 2016 WL 3866578 (S.D.N.Y. July 12, 2016) (Nathan, D.J.); <u>Pilitz v. Incorporated Village of Freeport</u>, No. CV 07-4078 (ETB), 2011 WL 5825138 at *6 (E.D.N.Y. Nov. 17, 2011) (5% reduction for block-billing).

---

[8]Some of the entries for work on plaintiff's summary judgment motion for fees appear in block-billed entries.  I cannot tell how much time counsel spent on the fee application as opposed to the other items in the entries.  Therefore, the fees in those block-billed entries will be entirely disallowed.

These adjustments yield the following remainder:

| | |
|---|---|
| Total Fees Sought | $216,575 |
| Fees Attributable to Fee Application | ($9,645) |
| Balance | $206,930 |
| 20% Adjustment | ($41,386) |
| Remainder | $165,544 |

## IV.  Conclusion

For the foregoing reasons, I respectfully recommend that plaintiff be awarded $165,544.00 in attorneys' fees and $25,108.02 in costs.

## V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Katherine B. Forrest, United States District Judge, 500 Pearl Street, Room 2230, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Forrest.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS

**WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE

REVIEW.   Thomas v. Arn, 474 U.S. 140, 155 (1985); United States

v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO

Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank

v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714

F.2d 234, 237-38 (2d Cir. 1983) (per curiam).


Dated:  New York, New York
        January 31, 2017

                              Respectfully submitted,


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge


Copies transmitted to:

All counsel


29