```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DR. EUBULUS J. KERR, III,            :

                    Plaintiff,       :    14 Civ. 9168 (KBF)(HBP)

     -against-                       :    CERTIFICATION OF FACTS,
                                          CONCLUSIONS OF LAW
                                     :    AND PROPOSED REMEDY
JOHN THOMAS FINANCIAL, et al.,
                                     :

                    Defendants.      :

----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE KATHERINE B. FORREST, United States
District Judge,

I.  Introduction

By notice of motion dated September 19, 2016, plaintiff
seeks an order holding defendant Anastasios Belesis in civil
contempt for failure to satisfy a money judgment, failure to
comply with subpoenas and committing perjury, pursuant to
Fed.R.Civ.P. 37 and N.Y. C.P.L.R. § 5104 (Docket Item ("D.I.")
119).

In the absence of the parties' consent to a magistrate
judge's exercising plenary jurisdiction pursuant to 28 U.S.C. §
636(c), a magistrate judge can neither grant nor deny a motion

for contempt.  As explained by the Honorable John G. Koeltl,
United States District Judge, a magistrate judge's role with
respect to such a motion is limited by 28 U.S.C. § 636(e)(6) to
certifying or declining to certify the facts as constituting
contempt:

> [28 U.S.C. § 636(e)(6)] provides that a United States
> Magistrate Judge shall, in a case other than one over
> which the magistrate judge presides with the consent of
> the parties under 28 U.S.C. § 636(c) or a misdemeanor
> case proceeding before the magistrate judge under 18
> U.S.C. § 3401, certify facts constituting civil con-
> tempt to the district judge.  See 28 U.S.C. §
> 636(e)(6)(A), (e)(6)(B)(iii).  The magistrate judge may
> also issue an order requiring the individual found to
> have committed the acts in question to show cause
> before the district court why the individual should not
> be adjudged in contempt of court.  See 28 U.S.C. §
> 636(e)(6).
>
> Where the magistrate judge has certified facts
> constituting contempt, the district court must make an
> independent determination of the facts certified and
> consider any additional evidence.  See 28 U.S.C. §
> 636(e)(6).  The determination of whether the conduct
> constitutes contempt and, if so, what sanctions are
> appropriate are left to the discretion of the district
> court.  28 U.S.C. § 636(e)(6)(B).

JSC Foreign Econ. Ass'n Technostroyexport v. International Dev. &
Trade Servs., Inc., 03 Civ. 5562 (JGK)(AJP), 2006 WL 1148110 at
*1 (S.D.N.Y. Apr. 28, 2006); see also Hunter TBA, Inc. v. Triple
V Sales, 250 F.R.D. 116, 117-18 (E.D.N.Y. 2008); Jones v. J.C.
Penney's Dep't Stores, Inc., 228 F.R.D. 190, 198 (W.D.N.Y. 2005).

For the reasons set forth below, I decline to certify the facts as constituting contempt.

II.   Facts

A.   Background

The facts that give rise to this action are set forth in detail in the Opinion and Order of the Honorable Katherine B. Forrest, United States District Judge, dated July 16, 2015 (D.I. 88), granting plaintiff's motion to confirm a Financial Industry Regulatory Authority ("FINRA") arbitration award against the defendants.  Familiarity with that opinion is assumed.  I recite the facts here only to the extent necessary for an understanding of the dispute before me.

On August 5, 2014, a FINRA arbitration resulted in an award of $920,107.96 in favor of plaintiff and against the defendants (the "Award") (Amended Petition to Confirm Arbitration Award and Entry of Judgment thereon, dated Jan. 8, 2015 (D.I. 12) ("Petition") ¶ 13).  Belesis and two other defendants were found to be liable, jointly and severally, for $915,107.96 of the Award; defendant Joseph Castellano was found to be liable for $5,000.00 of the Award (Petition ¶ 13).  On October 20, 2014, plaintiff commenced an action in Supreme Court, New York County,

seeking to confirm the Award (Notice of Removal, filed Nov. 18, 2014 (D.I. 1) ("Notice of Removal") ¶ 1).  The defendants removed the action to this court on November 18, 2014 (Notice of Removal).

On July 16, 2015, Judge Forrest granted plaintiff's motion to confirm the Award (Opinion and Order, dated July 16, 2015 (D.I. 88)), and a judgment confirming the Award was entered on July 22, 2015 (the "Judgment") (Judgment, dated July 22, 2015 (D.I. 89)).[1]

In an effort to enforce the Judgment, on October 21, 2015, plaintiff attempted to serve Belesis with an information subpoena, pursuant to N.Y. C.P.L.R. Rule 5224, and a subpoena for documents, pursuant to Fed.R.Civ.P. 45 (Declaration of Brian J. Neville, Esq., dated Sept. 16, 2016 (D.I. 119-2) ("Neville Decl.") ¶¶ 6-7; Neville Decl., Ex. A).  According to plaintiff, "[s]ervice was effected upon [Belesis'] doorman" (Neville Decl. ¶ 6).  Belesis did not respond to the subpoenas despite repeated demands from plaintiff (Neville Decl. ¶ 8).

Plaintiff deposed Belesis on December 11, 2015 (Neville Decl. ¶ 12; Neville Decl., Ex. C).  Belesis testified that he had

---

[1]An amended judgment, stating a sum certain, was subsequently entered on July 7, 2016 (Amended Judgment, dated July 7, 2016 (D.I. 103)).

4

conveyed all of his assets to his wife in 2012 and 2013 (Neville Decl. ¶ 13; Neville Decl., Ex. C, at 27:20-32:13).  He further testified that he owned no assets (Neville Decl. ¶ 14; Neville Decl., Ex. C, at 89:14-22).

On April 19, 2016, plaintiff again attempted to serve Belesis with an information subpoena and a subpoena for documents (Neville Decl. ¶¶ 9-10; Neville Decl., Ex. B).  According to plaintiff, "[s]ervice was effected upon [Belesis'] doorman" (Neville Decl. ¶ 9).  Again, Belesis did not respond to the subpoenas despite repeated demands from plaintiff (Neville Decl. ¶ 11).

On August 18, 2016, plaintiff served an information subpoena and a subpoena duces tecum on Titan Capital ID, LLC ("Titan"),[2] pursuant to N.Y. C.P.L.R. § 5223 and Rule 5224 (Neville Decl. ¶ 15; Neville Decl., Ex. D).  Titan responded on September 7, 2016 and provided, among other things, a Personal Financial Statement executed by Belesis on April 21, 2016 (Neville Decl. ¶ 15; Neville Decl., Exs. E & F).  In this Personal

---

[2] Titan allegedly provided a loan secured by a mortgage on property owned by TomTab LLC, a limited liability corporation owned by Belesis' wife (Complaint, dated Oct. 17, 2016 (D.I. 173) ¶¶ 12, 18).  Belesis is alleged to have signed the mortgage as a guarantor on the loan (Complaint ¶ 18).  Plaintiff claims that Belesis did not use the proceeds of the loan to satisfy the Judgment; instead, the proceeds were paid to TomTab LLC (Neville Decl. ¶¶ 16-17).

Financial Statement, Belesis listed his assets, totaling
$144,148,400, and stated that he had a total net worth of
$141,608,400 (Neville Decl., Ex. F).

More than two years after FINRA issued the Award,
Belesis paid the amount owed in November 2016 (Order, dated Nov.
14, 2016 (D.I. 209)).

B.   Conclusions of Law

As the late Honorable Constance Baker Motley, United
States District Judge, explained in D'Orange v. Feely, 959 F.
Supp. 631, 634-35 (S.D.N.Y. 1997):

> It is a firmly established principal that federal
> courts possess the inherent power to punish for con-
> tempt. [S]ee, Chambers v. NASCO, Inc., 501 U.S. 32,
> 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)
> ("Courts of justice are universally acknowledged to be
> vested, by their very creation, with power to impose
> silence, respect, and decorum, in their presence, and
> submission to their lawful mandates." (quotation omit-
> ted); Young v. United States ex rel. Vuitton et Fils,
> S.A., 481 U.S. 787, 795, 107 S. Ct. 2124, 2131, 95 L.
> Ed. 2d 740 (1987); Abrams v. Terry, 45 F.3d 17 (2d Cir.
> 1995). These powers reach conduct before the court and
> beyond the court's confines, Young, 481 U.S. at 798,
> 107 S. Ct. at 2132-33, and are "governed not by rule or
> statute but by the control necessarily vested in courts
> to manage their own affairs so as to achieve the or-
> derly and expeditious disposition of cases." Chambers,
> 501 U.S. at 43, 111 S. Ct. at 2132 (quoting Link v.
> Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386,
> 1388-89, 8 L. Ed. 2d 734 (1962)).

See also CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d
Cir. 2016); Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463,
467 (2d Cir. 2013); Southern New England Tel. Co. v. Global NAPs
Inc., 624 F.3d 123, 144 (2d Cir. 2010); Israel v. Carpenter, 95
Civ. 2703 (JCF), 2003 WL 21518830 at *2 (S.D.N.Y. July 7, 2003)
(Francis, M.J.).

 The standards applicable to a motion for civil contempt
are well settled and require only brief review.  As the Court of
Appeals for the Second Circuit explained in Paramedics
Electromedicina Comercial, Ltda. v. GE Medical Systems Informa-
tion Technologies, Inc., 369 F.3d 645, 655 (2d Cir. 2004):

> A party may be held in civil contempt for failure
> to comply with a court order [or subpoena] if "(1) the
> order [or subpoena] the contemnor failed to comply with
> is clear and unambiguous, (2) the proof of noncompli-
> ance is clear and convincing, and (3) the contemnor has
> not diligently attempted to comply in a reasonable
> manner." King v. Allied Vision, Ltd., 65 F.3d 1051,
> 1058 (2d Cir. 1995).  It need not be established that
> the violation was willful.  Donovan v. Sovereign Sec.
> Ltd., 726 F.2d 55, 59 (2d Cir. 1984).

See also CBS Broad. Inc. v. FilmOn.com, Inc., supra, 814 F.3d at
98; In re Doe, 317 F. App'x 54, 55-56 (2d Cir. 2009) (summary
order); Perez v. Danbury Hosp., 347 F.3d 419, 423-24 (2d Cir.
2003); E.E.O.C. v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996);
Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995).  The
movant bears the burden of proving contempt by clear and convinc-

ing evidence.  <u>Latino Officers Ass'n City of N.Y., Inc. v. City</u>
<u>of New York</u>, 558 F.3d 159, 164 (2d Cir. 2009).  "In the context
of civil contempt, the clear and convincing standard requires a
quantum of proof adequate to demonstrate a reasonable certainty
that a violation occurred."  <u>Levin v. Tiber Holding Corp.</u>, 277
F.3d 243, 250 (2d Cir. 2002) (internal quotation marks omitted).

     "The only defenses to civil contempt are that (1) the
order [or subpoena] allegedly violated is unclear; (2) the party
charged with contempt had no knowledge of the order [or subpoena]
or (3) proof of noncompliance fails to meet the clear and con-
vincing standard of proof."  <u>JSC Foreign Econ. Ass'n</u>
<u>Technostroyexport v. Int'l Dev. & Trade Servs., Inc.</u>, 03 Civ.
5562 (JGK)(AJP), 2006 WL 1206372 at *6 (S.D.N.Y. May 1, 2006)
(Koeltl, D.J.), <u>citing</u> <u>Levin v. Tiber Holding Co.</u>, <u>supra</u>, 277
F.3d at 251.

     The burden is on the alleged contemnor to prove his
inability to comply with the order or subpoena "clearly, plainly,
and unmistakably."  <u>Huber v. Marine Midland Bank</u>, <u>supra</u>, 51 F.3d
at 10; <u>accord</u> <u>Close-Up Int'l, Inc. v. Berov</u>, 474 F. App'x 790,
795 (2d Cir. 2012) (summary order).  Further, a "court is not
required to credit the alleged contemnor's denials if it finds
them to be 'incredible in context'"; in addition, "[c]onclusory
statements are inadequate to carry [the putative contemnor's]

8

burden." <u>Huber v. Marine Midland Bank</u>, <u>supra</u>, 51 F.3d at 10

(citations omitted).

      1.   Failure to Pay
          <u>the Money Judgment</u>

     "Pursuant to Federal Rule of Civil Procedure 69(a)(1),

money judgments are enforced by entry of judgment and writ of

execution, not by a contempt order absent exceptional circum-

stances." <u>Nykcool A.B. v. Pacific Fruit Inc.</u>, 10 Civ. 3867

(LAK)(AJP), 2012 U.S. Dist. LEXIS 52690 at *27 (S.D.N.Y. Apr. 16,

2012) (Peck, M.J.) (Report & Recommendation), <u>objections</u> <u>over-</u>

<u>ruled by</u>, 2012 U.S. Dist. LEXIS 152925 (S.D.N.Y. May 9, 2012)

(Kaplan, D.J.); <u>see</u> <u>Aetna Cas. & Sur. Co. v. Markarian</u>, 114 F.3d

346, 349 (1st Cir. 1997); <u>Hilao v. Estate of Marcos</u>, 95 F.3d 848,

854-55 (9th Cir. 1996); <u>Combs v. Ryan's Coal Co.</u>, 785 F.2d 970,

980 (11th Cir. 1986) ("It is . . . clear that when a party fails

to satisfy a court-imposed money judgment the appropriate remedy

is a writ of execution, not a finding of contempt."), <u>citing</u>

<u>Shuffler v. Heritage Bank</u>, 720 F.2d 1141, 1147-48 (9th Cir.

1983); <u>Ecopetrol S.A. v. Offshore Expl. & Prod. LLC</u>, 172 F. Supp.

3d 691, 695-98 (S.D.N.Y. 2016) (Koeltl, D.J.); <u>Frazier v. APM</u>

<u>Fin. Solutions, LLC</u>, No. 3:11cv1762 (AWT), 2015 WL 8483237 at *3

(D. Conn. Dec. 9, 2015); <u>Ciaprazi v. County of Nassau</u>, No. 98-cv-

6286 (ADS), 2012 WL 95374 at *3 (E.D.N.Y. Jan. 12, 2012); 13 Moore's Federal Practice § 69.02 (2016) (because of Fed.R.Civ.P. 69(a)(1), "enforcement [of a money judgment] through the imposition of a contempt sanction would not be authorized absent exceptional circumstances"). "'[T]he size of the award and the difficulties in enforcing the judgment due to . . . the uncooperativeness of the judgment debtor are not the types of extraordinary circumstances which warrant departure from the general rule" that money judgments are not enforced by an order of contempt. Nykcool A.B. v. Pacific Fruit Inc., supra, 2012 U.S. Dist. LEXIS 52690 at *29-*30 (first alteration in original), quoting Aetna Cas. & Sur. Co. v. Markarian, supra, 114 F.3d at 349 n.4.[3]  Moreover, Belesis has paid the Judgment.  Therefore, Belesis cannot be held in contempt for failure to satisfy the Judgment.

---

[3]Although there are cases in which a party was held in contempt for failing to pay a judgment, e.g., Schwarz v. ThinkStrategy Capital Mgmt. LLC, 09 Civ. 9346 (PAE), 11 Civ. 8094 (PAE), 2015 WL 4040558 at *1, *7, *10-*22 (S.D.N.Y. July 1, 2015) (Engelmayer, D.J.); Securities & Exch. Comm'n v. Montle, 248 F. Supp. 2d 271, 273, 279-81 (S.D.N.Y. 2003) (Pollack, D.J.); Securities & Exch. Comm'n v. Margolin, 92 Civ. 6307 (PKL), 1996 WL 447996 at *2-*5 (S.D.N.Y. Aug. 8, 1996) (Leisure, D.J.), it does not appear that any party in those cases raised an issue concerning the availability of contempt for failure to pay a judgment.

        2.   Failure to Comply
             with Subpoenas

     Under Federal Rule of Civil Procedure 69(a)(2), a
judgment creditor may obtain post-judgment discovery in aid of
execution as provided under either the Federal Rules of Civil
Procedure or by the laws of the state in which the federal court
sits.

     A party may serve a subpoena for documents pursuant to
Federal Rule of Civil Procedure 45.  Although Rule 45(g) permits
a court to hold a person in contempt for failure to obey a
subpoena "without adequate excuse," "courts in the Second Circuit
have often held that . . . a court should first issue an order
compelling compliance with the subpoena."  In re Application of
Kingdom of Morocco, M8-85 (KMW), 2009 WL 1059786 at *2 (S.D.N.Y.
Apr. 16, 2009) (Wood, D.J.); see Sheet Metal Workers' Nat'l
Pension Fund v. Rhb Installations, Inc., No. CV 12-2981 (JS)(ARL-
), 2016 WL 128153 at *2 (E.D.N.Y. Jan. 12, 2016) ("'In civil
litigation, it [is] rare for a court to use contempt sanctions
without first ordering compliance with a subpoena.'" (alteration
in original)), citing Advisory Committee Notes to 2013 Amendment
to Fed.R.Civ.P. 45.  This practice is followed because "[a]n
order of contempt leading to the impositions of sanctions is a
drastic remedy."  Sanchez v. Pathmark Stores, Inc., 04 Civ. 1159

                              11

(GBD)(RLE), 2009 WL 398103 at *1 (S.D.N.Y. Feb. 17, 2009) (Ellis, M.J.) (internal quotation marks omitted); <u>see also Southern New England Tel. Co. v. Global NAPs Inc.</u>, <u>supra</u>, 624 F.3d at 145 ("[A] contempt order is . . . a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." (internal quotation marks omitted)).

Additionally, New York law requires a court order before a failure to comply with an information subpoena is punishable by contempt.  Under New York law, a judgment creditor can use an information subpoena to compel disclosure of informa-tion relevant to satisfaction of a judgment.  N.Y. C.P.L.R. § 5223, Rule 5224(a)(3).  "If the recipient does not comply [with the subpoena], the judgment creditor cannot immediately move for contempt under New York law; instead, as it is a nonjudicial subpoena, the enforcement of an information subpoena is governed by N.Y. C.P.L.R. § 2308(b)," which provides that the proponent must first move to compel compliance.  <u>Soundkillers LLC v. Young Money Entm't, LLC</u>, 14 Civ. 7980 (KBF)(DF), 2016 WL 4990257 at *3 (S.D.N.Y. Aug. 2, 2016) (Freeman, M.J.) (Report & Recommenda-tion), <u>adopted</u> <u>by</u>, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016) (Forrest, D.J.), <u>citing</u> <u>AXA Equitable Life Ins. Co. v. Epstein</u>,

29 Misc.3d 689, 691, 907 N.Y.S.2d 601, 603 (Sup. Ct. N.Y. Cty. 2010).[4]

Belesis should not be held in contempt for his failure to comply with the information subpoenas and the subpoenas for documents.  First, as the authorities in the preceding paragraphs teach, civil contempt is not ordinarily imposed for a party's disregard of a subpoena; civil contempt is most frequently imposed only when a party disregards an order directing compli- ance with a subpoena.  Second, plaintiff failed to provide proof that any of the subpoenas were ever actually served on Belesis or that Belesis ever received them; instead, plaintiff's attorney simply declared that "[s]ervice was effected upon [Belesis'] doorman" (Neville Decl. ¶¶ 6, 9).  Such service is insufficient. E.g., Federal Ins. Co. v. CAC of N.Y., Inc., No. 14-CV-4132 (DRH)(SIL), 2016 WL 1559153 at *2 (E.D.N.Y. Apr. 18, 2016); Jack Mailman & Leonard Flug DDS, PC v. Belvecchio, 195 Misc.2d 275, 276, 757 N.Y.S.2d 216, 216-17 (2d Dep't 2002); Dashiff v. Grant, 15 Misc.3d 1102(A), 841 N.Y.S.2d 819 (Table), 2007 WL 737497 at *1 (Dist. Ct. Nassau Cty. Mar. 12, 2007); accord Fed.R.Civ.P.

───────────────

[4]N.Y. C.P.L.R. § 5104, which plaintiff cites in support of his motion for contempt, is not applicable here.  That provision states that a final judgment that is not enforceable under Article 52 (money judgments) may be enforced by contempt. However, the Judgment is enforceable under Article 52.

45(b)(1) ("Serving a subpoena requires delivering a copy to the named person . . . ."); N.Y. C.P.L.R. §§ 308, 2303 (information subpoena can be served by delivering the subpoena to a person of "suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served <u>and</u> by . . . mailing the [subpoena to the] person to be served" (emphasis added)); <u>Kenyon v. Simon & Schuster, Inc.</u>, 16 Misc. 327 (P1) (JFK), 2016 WL 5930265 at *3-*4 (S.D.N.Y. Oct. 11, 2016) (Keenan, D.J.) ("[T]he weight of authority in this Circuit requires first a diligent attempt to personally serve [a subpoena pursuant to Fed.R.Civ.P. 45 on] the commanded person" before attempting alternative forms of service); <u>Simmons v. Fervent Elec. Corp.</u>, No. 14-CV-1804 (ARR)(MDG), 2016 WL 3661274 at *1 (E.D.N.Y. July 5, 2016) ("[T]hose courts that have sanctioned alternative means of service have done so only after the plaintiff had diligently attempted to effectuate personal service . . . . [N]either the process server's affidavit nor defendants' application [describing service of subpoenas by leaving them with the deponent's wife and then mailing copies of them to the deponent] are sufficient to demonstrate that defendants diligently attempted to effectuate personal service on the deponent prior to resorting to alternative means of service . . . ."; declining to grant motion for contempt for failure to comply with subpoenas as a result).

14

3.  <u>Perjury</u>

Perjury is "[t]he act or an instance of a person's deliberately making false or misleading statements while under oath."  <u>Black's Law Dictionary</u> 1321 (10th ed. 2014).  Although the inconsistency between Belesis' deposition testimony and the representations in his financial statement is troubling, it cannot serve as the basis for a finding of perjury.  Plaintiff's only proof of Belesis' alleged perjury is an unsworn Personal Financial Statement, the truth of which has not been estab-lished.[5]  This cannot constitute clear and convincing evidence of perjury.  <u>See</u> <u>Mason v. Phillips</u>, 548 F. Supp. 674, 675 (S.D.N.Y. 1982) (Weinfeld, D.J.) (inconsistency between trial testimony and previous unsworn statement "merely raised an issue of credibil-ity").

_____

[5]Belesis argues that the Personal Financial Statement should not be considered because the subpoena to Titan improperly sought Belesis' wife's independent financial information (Memorandum of Law in Opposition to the Motion for Contempt and for Sanctions, dated Oct. 11, 2016 (D.I. 153) ("Def.'s Mem."), at 7; Letter from Lawrence E. Tofel, Esq., to Judge Forrest, dated Oct. 11, 2016 (D.I. 145)).  However, the subpoena also sought Belesis' finan-cial information, and the Personal Financial Statement concerned Belesis' assets.

15

4.  Belesis' Fees
    and Costs

Belesis seeks his fees and costs in opposing plain-
tiff's motion, pursuant to Fed.R.Civ.P. 37(a)(5)(B) (Def.'s Mem.,
at 3, 16).  Rule 37(a)(5)(B) provides that if a court denies a
motion to compel discovery, it "must, after giving an opportunity
to be heard, require the movant, the attorney filing the motion,
or both to pay the party . . . who opposed the motion its reason-
able expenses incurred in opposing the motion, including attor-
ney's fees."  However, "the court must not order this payment if
the motion was substantially justified or other circumstances
make an award of expenses unjust."  Fed.R.Civ.P. 37(a)(5)(B).

Belesis' request for costs and fees should be denied.
Belesis' frivolous conduct to frustrate enforcement of the
Judgment is well known to the Court and should not be rewarded.
Plaintiff's motion was substantially justified and was not
baseless.  See Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.,
11 Civ. 1529 (KMW)(KNF), 2014 WL 3747160 at *8 (S.D.N.Y. July 3,
2014) (Fox, M.J.).

16

III.   <u>Conclusion</u>

Accordingly, I decline to certify the facts as consti-
tuting contempt and recommend that Belesis' request for fees and
costs be denied.

IV.   <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
Katherine B. Forrest, United States District Judge, 500 Pearl
Street, Room 2230, and to the Chambers of the undersigned, 500
Pearl Street, Room 1670, New York, New York 10007.  Any requests
for an extension of time for filing objections must be directed
to Judge Forrest.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS
**WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE
REVIEW.  <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>United States
v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>IUE AFL-CIO
Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank
v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair</u>

17

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714
F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated:  New York, New York
        February 3, 2017

                              Respectfully submitted,

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All counsel

18