| | | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: May 01, 2017 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  :
DR. EUBULUS J. KERR III,                            :
                                                    :
                   Plaintiff/Petitioner,            :     14-cv-9168 (KBF)
                                                    :
        -v-                                         :     MEMORANDUM
                                                    :     OPINION & ORDER
JOHN THOMAS FINANCIAL et al.,                       :
                                                    :
                                                    :
                   Defendants/Respondents.          :
                                                    :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      This Memorandum Opinion & Order resolves two motions in this unnecessarily long-fought case. On September 19, 2016, plaintiff moved to hold defendants in contempt of court. (ECF No. 119.) On November 16, 2016, plaintiff moved for summary judgment on his request for attorneys' fees and costs. (ECF No. 212.) This Court referred these motions to the Honorable Henry B. Pitman, who submitted Reports and Recommendations on these motions on January 31, 2017, and February 3, 2017, respectively. (ECF Nos. 235 (the "Summary Judgment R&R") and 239 (the "Contempt R&R").) Neither party objected to the Contempt R&R; however, both parties objected to the Summary Judgment R&R. (ECF Nos. 240, 241.)

      For the reasons set forth below, the Court adopts the Contempt R&R in full, adopts the Summary Judgment R&R with slight modification, and enters judgment

for the plaintiff in the amount of **$200,297.02, to be satisfied by defendants in full not later than Friday, May 5, 2017, at 5:00 p.m.**

I. DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997).

A. The Reports and Recommendations

Judge Pitman issued the Contempt R&R on February 3, 2017. (ECF No. 239.) Neither party has objected. Therefore, the Court adopts the Contempt R&R in full and enters judgment for defendants on plaintiff's motion at ECF No. 119. See Fed. R. Civ. P. 72(b)(2).

On January 31, 2017, Judge Pitman issued the Summary Judgment R&R on plaintiff's motion for $241,683.02 in attorneys' fees and costs. (ECF No. 235.) Judge Pitman agreed with plaintiff that the language of the parties' release agreement unambiguously provides for the shifting of costs and fees "[i]n the event of any judicial or arbitral proceeding to enforce or collect upon the Award or any judgment thereupon" without qualification, and that this provision was not waived. (Id. at 16-18.)

However, the Summary Judgment R&R concluded that due to inadequate record-keeping and the inclusion of time spent seeking attorneys' fees, the amount requested by plaintiff was unreasonable.  Judge Pitman applied New York law to determine the proper award, explaining that the reasonableness of a request for attorneys' fees and costs arising under a contract "can be measured by the standards that are used to evaluate fee awards under statutory provisions directing the court to award a 'reasonable' attorney's fee."  Sidley Holding Corp. v. Ruderman, No. 08-cv-2513, 2009 WL 6047187, at *16 (S.D.N.Y. Dec. 30, 2009) (citing fee-shifting provisions under 42 U.S.C. § 1988(b) and 11 U.S.C. § 330).  To determine a presumptively reasonable fee award, Judge Pitman applied the lodestar method, in which a court multiplies the hours reasonably spent by counsel on the matter by an hourly rate appropriate in the relevant community.  See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 414 (2d Cir. 2010).  To enable a court to determine the lodestar multipliers—first, the amount of time spent and how much of that time was reasonable, and second, what rate is appropriate for the relevant attorney—New York law requires that a "fee application . . . be supported by contemporaneous time records that 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'"  Watson v. E.S. Sutton, Inc., No. 02-cv-2739, 2006 WL 6570643, at *3 (S.D.N.Y. Aug. 11, 2006) (quoting N.Y. State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)), adopted as modified, 2007 WL 2245432 (S.D.N.Y. Aug. 3, 2007).  "[W]here adequate contemporaneous records have not been kept, the court should

3

not award the full amount requested." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) (citing decisions of New York courts in which fee requests were reduced due to inadequate records of work performed). Additionally, Judge Pitman explained that, under New York law, "a general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves." Id. at 1266.

Applying this framework, Judge Pitman reviewed plaintiff's counsel's submissions in support of the fee request and found the amount unreasonable due to duplicative staffing, vague time entries, block billing, and the inclusion of time spent on collection of the fees themselves. Judge Pitman observed that there were significant instances of duplication or excessive staffing, such as three attorneys attending a deposition or a conference; that under New York precedents, plaintiff's counsel's time entries for activities such as "calls," "filing," and "[r]esearch, prep work" were sufficiently vague to justify a reduction in fees; and that block billing by plaintiff's counsel made it difficult to evaluate the reasonableness of time spent on individual tasks. (ECF No. 325 at 20-25; see also, e.g., Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 179 (2d Cir. 1998) ("[W]e see no abuse of discretion in . . . the 20% reduction for vagueness, inconsistencies, and other deficiencies in the billing records."); Ng. v. King Henry Realty, Inc., 16-cv-13, 2016 WL 6084074, at *7 (S.D.N.Y. Oct. 7, 2016) ("[C]ourts in this district have generally frowned upon awarding fees to more than two attorneys for court appearances unless the case is uniquely complex."); LV v. N.Y.C. Dep't of Educ., 700 F.Supp.2d 510, 525 (S.D.N.Y.

4

2010) ("[B]lock-billing . . . can make it exceedingly difficult for courts to assess the reasonableness of the hours billed.").

Judge Pitman subtracted the amount of fees attributable to the collection of fees themselves ($9,645) from the $216,575 sought. (ECF No. 325 at 26-27; F.H. Krear, 810 F.2d at 1266 ("[A] general contract provision for the shifting of attorney's fees does not authorize an award of fees for time spent in seeking the fees themselves.")). Judge Pitman then reduced the remainder by 20%: by 15% to account for redundant staffing, and by 5% to account for block billing and vague time entries. The Summary Judgment R&R therefore recommends the award of $165,544 in attorneys' fees and $41,386 in costs for a total of $190,652.02.

B. Defendants' Objections

Defendants objected to the Summary Judgment R&R on February 14, 2017, arguing that the Summary Judgment R&R "failed to consider the fact that [the fees sought] are in addition to the contingency fees" earned by plaintiff's counsel and "the excessive, redundant and otherwise unnecessary billing" by plaintiff's counsel; and that plaintiff waived claims to costs. (ECF No. 240.) These objections simply restate the same arguments defendants made in their original opposition to the motion; indeed, defendants' objection specifically "refers to the Memorandum of Law submitted to the Magistrate in support of these objections." (ECF No. 240 at 1.) The Court finds that defendants' pro forma objection letter "simply reiterate[s] arguments considered and rejected" in the Summary Judgment R&R and therefore

5

will be reviewed only for "clear error." See Jones v. Smith, No. 09-cv-6497, 2012 WL 1592190, at *1 (S.D.N.Y. Ma 7, 2012).

The General Release Agreement unambiguously provided for recovery of attorneys' fees "[i]ncurred in the event of any judicial or arbitral proceeding . . . to enforce or collect upon the [Arbitration] Award or any judgment thereupon." (ECF No. 151, Ex. G ¶ 4.) This is in addition to any contingency fee earned by plaintiff's counsel for representing plaintiff in the award proceeding. The plain text of the agreement therefore provides for granting of attorneys' fees incurred during all post-award collection efforts, including the extensive litigation before this Court. The Summary Judgment R&R's conclusion that plaintiff is entitled to reasonable costs and fees is therefore correct. Jones, 2012 WL 1592190, at *1.

C. Plaintiff's Objections

Plaintiff also objected to the Summary Judgment R&R. (ECF No. 241.) Unlike defendants, plaintiff objects properly with citations to specific facts and legal authority, and does not simply reiterate in general terms the arguments made before Judge Pitman. The Court therefore "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Plaintiff raises two objections to the Summary Judgment R&R. First, plaintiff objects to the exclusion of $9,645 in fees incurred in pursuit of costs and fees because the parties' release agreement allows recovery of attorneys' fees incurred during "any judicial or arbitral proceeding to construe or enforce any

6

provision of this Agreement," which, according to plaintiff, specifically covers such fees. (ECF No. 241 at 4.) The Court agrees. While the Summary Judgment R&R correctly notes that "a general contract provision for the shifting of attorney's fees does not authorize an award of fees for time spent in seeking the fees themselves," the parties may "contract for such an allowance." F.H. Krear, 810 F.2d at 1266. The phrase "<u>any</u> provision of this Agreement" includes the fee-recovery provision, which is itself part of the agreement. (ECF No. 151, Ex. G ¶ 4 (emphasis added).) The parties therefore contracted to permit recovery of fees reasonably incurred during enforcement of this provision of the release agreement in "any judicial proceeding," including during resolution of the present motion before this Court. Moreover, the Court believes that this interpretation best reflects of the intent of the parties because defendants' consistently evasive behavior—which has repeatedly forced plaintiff and this Court to expend unnecessary resources to compel satisfaction of the underlying award—is, in large part, what led to the release agreement in the first place. Therefore, the Court modifies the Summary Judgment R&R to include the $9,645 requested by plaintiff.[1]

Plaintiff also argues that the Summary Judgment R&R should have included 9% annual interest in its attorneys' fees award. (ECF No. 241 at 6-7.) However, plaintiff did not argue for the addition of this 9% interest in support of its motion for

---

[1] The Court notes that this portion of the requested fees is supported by block billing records, as plaintiff acknowledges. (ECF No. 241 at 6.) However, most of these fees were incurred during preparation for and participation in the Court's lengthy hearing held November 14, 2016, which the Court knows involved significant attorney resources expended on relatively short notice. The Court therefore does not discount this portion of the attorneys' fees.

7

summary judgment. The Court will not consider this argument, which should have been made in the summary judgment briefing before Judge Pitman. See Rosello v. Barnhart, 02-cv-4629, 2004 WL 2366177, at *3 (S.D.N.Y. Oct. 20, 2004) ("If the Court were to consider . . . these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.").

Plaintiff does not object to the Summary Judgment R&R in any other respect. Therefore, the Court adopts the Summary Judgment R&R with the addition of $9,645 to the fee award to account for attorneys' fees incurred due to defendants' failure to pay fees as agreed in the release agreement.

II. CONCLUSION

The Reports and Recommendation at ECF No. 239 is hereby adopted in full. The Report and Recommendation at ECF No. 235 is adopted with the addition of $9,645 to plaintiff's fee award. Plaintiff's motion for summary judgment at ECF No. 212 is GRANTED, and judgment is hereby entered for plaintiff in the amount of $200,297.02.

The Court is aware of defendants' history of repeatedly evading payment of properly entered judgments—and thereby expending unnecessary judicial resources to hold them to longstanding obligations. **The Court therefore directs defendants to pay $200,297.02 to plaintiff not later than Friday, May 5, 2017, at 5:00 p.m.** Defendants may be immediately held in contempt of court for failure to comply precisely with this order. The Court also reminds defense counsel

of the Court's statutory authority to award excess costs, expenses, and attorney's fees reasonably incurred due to an attorney unreasonably and vexatiously multiplying proceedings in this matter. 28 U.S.C. § 1927.

The Court reiterates that the injunction entered November 7, 2016, remains in place, as it has continuously since that date. (ECF No. 206.) Any violation of this preliminary injunction, past or future, puts defendants at serious risk of being held in contempt of court.

The Clerk of Court is directed to terminate the motions at ECF Nos. 119 and 212.

SO ORDERED.

Dated:    New York, New York
           May 01, 2017

                                          KATHERINE B. FORREST
                                          United States District Judge